**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| RADLEY BRADFORD, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY STRONG CREDIT UNION,<br><br>Defendant. | Case No. 4:26-cv-04994 |

**CLASS ACTION COMPLAINT**

**NOW COMES** RADLEY BRADFORD ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through the undersigned attorney, complaining of VALLEY STRONG CREDIT UNION, ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this class action seeking redress for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691 *et seq.*

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the ECOA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

**PARTIES**

4. Plaintiff is an African-American consumer and a natural person, over 18-years-of-age, residing in Houston, Texas.

5. Defendant is an credit union that provides loans and other credit opportunities to consumers across the United States.

6. Defendant maintains its principal place Bakersfield, California.

## FACTS SUPPORTING CAUSE OF ACTION

7. In May 2026, Plaintiff applied for a home equity line of credit from Defendant.

8. On May 4, 2026, Plaintiff received an email from Defendant denying Plaintiff's credit application.

9. The email contained a letter that provided the reasons for the credit denial ("adverse action letter").

10. The adverse action letter stated, in pertinent part, as follows:

> "Credit Application Incomplete"

11. The adverse action letter failed to identify the *specific* reasons for the denial, and failed to specify why the application was incomplete.

12. Plaintiff was forced to file this action to obtain information he is entitled to under the ECOA.

## DAMAGES

13. Defendant's failure to provide Plaintiff with the specific information as to why his application for credit was incomplete deprived Plaintiff of the opportunity to address or correct the issues that Defendant based its credit denial on.

14. As a result, Plaintiff was not able to correct the alleged deficiency that led to the credit denial.

## CLASS ALLEGATIONS

15. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

16. Upon information and belief, Defendant systematically deprives consumers of information they are entitled to under the ECOA.

17. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals within the United States (1) that received an adverse action letter from Defendant; (2) in the last five (5) years; (3) in which the stated basis for the credit denial was "Credit Application Incomplete."

18. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A. Numerosity**

19. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

20. The exact number of members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

21. The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

22. The members of the Punitive Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B. Commonality and Predominance**

23. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

24. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C. Typicality**

25. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative class are entitled to damages as result of Defendant's conduct.

**D. Superiority and Manageability**

26. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

27. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

28. By contrast, a class action provides benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

29. Economies of effort and time will be fostered and uniformity of decisions ensured.

**E. Adequate Representation**

30. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

31. Plaintiff has no interest antagonistic to the Putative Class and Defendant has no defenses unique to Plaintiff

32. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### Count I:
### Defendant's violation(s) of 15 U.S.C. § 1691
### (On behalf of Plaintiff and Members of the Putative Class)

33. Plaintiff restates and realleges all proceeding paragraphs as though fully set forth herein.

34. Plaintiff is an "applicant" as defined by 15 U.S.C. § 1691a(b) because he applied to a creditor directly for an extension of credit.

35. Defendant is a "creditor" as defined by 15 U.S.C. §1691(e) because it regularly extends, renews, or continues credit.

36. The aforementioned credit denial is an "adverse action" as that term is defined by 15 U.S.C. § 1691(d)(6) because it was a denial of credit.

37. Section 1691(d) of the ECOA provides, in pertinent part:

> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—
>
> > (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken.

38. Section 1691(d)(3) of the ECOA provides that "a statement of reasons [for adverse action] meets the requirements of this section only if it contains the ***specific*** reasons for the adverse action taken. 15 U.S.C. §1691(d)(3) (emphasis added)

39. The Fifth Circuit has held that reasons provided in adverse action notices must be specific enough to inform the applicant of the nature of the deficiency and allow them to address or correct it. *Fischl v. v. General Motors Acceptance Corp.*, 708 F.2d 143, 147 (5th Cir. 1983).

40. Regulation B to the ECOA states that "If additional information is needed from an applicant, the creditor shall send a written notice to the applicant **specifying the information needed,** designating a reasonable period of time for the applicant to provide the information, and informing the applicant that failure to provide the information requested will result in no further consideration being given to the application. 12 C.F.R. § 1002.9(c)(2) (emphasis added).

41. Defendant violated 12 C.F.R. § 1002.9(c)(2) by failing to provide Plaintiff with *specific* information as to why his application was incomplete and what would be needed to complete the application.

42. Defendant violated 12 C.F.R. § 1002.9(c)(2) by failing to provide Plaintiff with a reasonable period of time for the applicant to provide the information.

43. Defendant violated 12 C.F.R. § 1002.9(c)(2) by failing to inform the applicant that failure to provide the information requested will result in no further consideration being given to the application.

44. Accordingly, Plaintiff was unable to address or correct the alleged deficiencies that Defendant based its denial on.

45. As set forth above Plaintiff suffered damages as a result of Defendant's violations of the ECOA.

**WHEREFORE,** Plaintiff requests the following relief:

a. A finding that Defendant violated the §1691d(3) of the ECOA ;

b. An order granting certification of the Proposed Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned counsel as Class Counsel;

c. An award of actual damages to Plaintiff and the Putative Class to be determined by the jury;

d. An award of statutory damages to Plaintiff and the Putative Class in the amount of $500,000 or 1% of Defendant's net worth, whichever is less.

e. An award of reasonable attorney's fees and costs; and

f. Any further relief this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: June 24, 2026

Respectfully Submitted,

*/s/ Timothy D. Hogan*

Timothy D. Hogan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
thogan@atlaslawcenter.com